# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL LANKFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3339-CV-S-FJG |
| | ) | |
| WEBCO, INC., PLAN ADMINISTRATOR FOR | ) | |
| WEBCO, INC. EMPLOYEE GROUP HEALTH | ) | |
| PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is Plaintiff's Motion to Strike Defendants' Third and Fourth Affirmative Defenses (Docs.# 11, 12).

## I. BACKGROUND

The Webco Employee Group Health Plan ("The Plan") is an employee qualified health plan formed pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Lankford was and continues to be an employee of Webco, Inc. Pursuant to the Plan, Lankford and his minor daughter, Britny, were enrolled members of the Plan. On February 25, 2006, Britny Lankford was involved in a single car accident and received serious injuries. As a result of the accident, she incurred approximately $300,000 in medical expenses. BMI-Health Plans, the Plan Supervisor on May 4, 2006, denied Lankford's claim for benefits for the medical bills. The letter stated that the decision was based on Section 5 of the Plan:

> Section 5
>
> **MEDICAL EXCLUSIONS AND LIMITATIONS**
> Coverage under the Plan is limited to services incurred during the Benefit Year. The following are exclusions and limitations for which the Plan does not pay benefits, and these shall apply to services described herein:
>
> **Self-Inflicted and/or Intentional Injury**, or an illness (unless caused by a medical condition as defined by HIPPA). This exclusion shall include an illness or injuries which were incurred as a result of the Plan Member's use of alcohol or drugs, in excess of a state or federal statute, or non prescribed use as defined by a licensed medical examiner.

The Plaintiff then filed an appeal and on July 28, 2006, the Plan Administrator denied plaintiff's appeal. The letter stated in part:

> I find that Britny was driving a car and had an accident on February 25, 2006, sustaining injuries and was admitted to Cox Hospital. The Police Report (Exhibit I) states a probable contributing circumstance was "alcohol". The Hospital lab report (Exhibit II) shows a blood alcohol of .148, compared to the legal limit of .08. You also asked if the blood/alcohol limit was accurate due to her loss of blood as a result of the accident. I have asked and received an answer from an outside lab and physician and found the loss of blood would not have changed the test. (Exhibit III). This decision was based on the following exclusion found in the Webco, Inc. Employee Group Health Plan Summary Plan Description, Section 5.

Plaintiff alleges that the denial letter does not set forth any reasonable explanation or rationale for the denial and does not set forth any evidence suggesting that Britny intended or tried to kill or injure herself or to crash her car. As a result, plaintiff alleges that the Plan Administrator's denial was arbitrary, wrong and capricious and erroneous as a matter of law.

On October 16, 2006, defendants filed an Answer and asserted the following affirmative defenses:

2

### Third Defense

Costs incurred for medical treatments and services rendered to Plaintiff's dependent, Britny Lankford, as a result of the accident in which she was injured on February 25, 2006 resulted from Britny Lankford having been engaged in the performance of an illegal/criminal activity, i.e. having been driving with a blood alcohol content well in excess of the legal limit and, therefore, are excluded from coverage under the Plan.

### Fourth Defense

Costs incurred for medical treatments and services rendered to Plaintiff's dependent, Britny Lankford, as a result of the accident in which she was injured on February 25, 2006, were self-inflicted by Britny Lankford because she drove her motor vehicle while intoxicated and while having a blood alcohol content well in excess of the legal limit and, as a direct result, became involved in the accident which caused her injuries. As a result, these expenses are excluded from coverage under the Plan.

Plaintiff has moved to strike the Third Affirmative Defense because he claims that the defendants are asserting a defense that they did not raise during the administrative process. Plaintiff moves to strike the Fourth Affirmative Defense because he claims that the defendants did not articulate this rationale for its denial during the administrative process.

### II. STANDARD

Fed.R.Civ.P. 12(f) states:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In Southwestern Bell Telephone, L.P. v. Missouri Public Service Commission, 461 F.Supp.2d 1055 (E.D. Mo. 2006), the Court stated:

> Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, et al., Moore's Federal Practice § 12.37 [3] (3d ed. 2006). If there is any doubt whether the matter may raise an issue, the motion should be denied. Id. If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Id.

Id. at 1064. Additionally, in General Casualty Insur. Co. Of Wisconsin v. Penn-Co Construction, Inc., 2005 WL 1843462, No. C03-2031-MWB, (N.D. Iowa July 29, 2005), the Court noted that "[o]rdinarily, a motion to strike should be granted when doing so will make trial of the action less complicated or otherwise streamline the ultimate resolution of the action." Id. at *2.

### III. DISCUSSION

**A. Motion to Strike Third Affirmative Defense**

Plaintiff moves to strike defendants' third affirmative defense because the defendants asserted the "Criminal Activity" exclusion under Section 5. Plaintiff states that at no time during the administrative process did the Plan ever raise this exclusion as a basis for denying Plaintiff's claim for benefits. Plaintiff states that in both denial letters sent by the Plan, the only basis for denial was the "Self-Inflicted and/or Intentional Injury" exclusion contained in Section 5. Plaintiff argues that defendants should not be entitled to assert a new litigation driven defense. In support of his argument, plaintiff cites to Marolt v. Alliant TechSystems, Inc., 146 F.3d 617, 620 (8th Cir. 1998) and King v. Hartford Life and Acc. Ins. Co., 414 F.3d 994, 999 (8th Cir. 2005). In Marolt, the Court found that the Pension and Retirement Committee had not provided

4

any rationale for its decision.  The Court stated, "[w]e will not permit ERISA claimants denied the timely and specific explanation to which the law entitles them to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation."  Id. at 620.  In King, the Court stated, "[w]e thus conclude that this case falls in the category where an administrator offers a *post hoc* rationale during litigation to justify a decision reached on different grounds during the administrative process."  Id. at 1003.

      Defendant argues in opposition that the Motion to Strike is improper because they are required under Fed.R.Civ.P. 8(c) and 12(b) to assert all affirmative defenses or they may be held to have waived them.  Additionally, defendants state that the Third Defense simply applies facts to a plan provision and it is not a "post-hoc" undisclosed Plan interpretation.  Defendants argue that plaintiff has not demonstrated that this defense is insufficient, inapplicable or improper.  Defendants argue that this defense is clearly implicated by plaintiff's Complaint.  Defendants note that the following information is stated in the Complaint: plaintiff's daughter was under the age of 21, she had a blood alcohol content in excess of .08 and she was driving with an elevated blood alcohol content in violation of Missouri law.   Thus, defendants state it is obvious that plaintiff's daughter was engaging in illegal activity when she was injured. Defendants argue that the Third Defense clearly has a bearing on the subject matter of the litigation, it raises a litigable issue, it is directly attributable to the facts pleaded and it is at the center of a disputed issue in the case.  Defendants also argue that all relevant plan provisions must be considered by the trial court.  In support of their argument defendants cite to Farley v. Benefit Trust Life Insurance Co., 979 F.2d 653, 660 (8th Cir. 1992) and Weber v. St. Louis University, 6 F.3d 558 (8th Cir. 1993).  In Weber, the Court

5

stated:

> We hold today that, in fact, a trial court must consider all of the provisions of the policy in question if those provisions are proffered to the trial court as a reason for denial of coverage, since to do otherwise would permit the oral modification of employee welfare plans governed by ERISA, a result manifestly in conflict with the intent of the statute and with the case law governing it.

Id. at 560 (internal citations and quotations omitted).

In reply, plaintiff argues that the cases cited by the defendants were all decided pursuant to a *de novo* standard, not an abuse of discretion standard. Thus, plaintiff states that if the abuse of discretion standard applies, as the defendant advocates, then the holdings of the defendants' cases do not apply.

As noted earlier, in ruling on Motions to Strike pursuant to Fed.R.Civ.P. 12 (f):

> [i]f there is any doubt whether the matter may raise an issue, the motion should be denied. . . . As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only when it is insufficient on the face of the pleadings. . . .If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted.

Tucker v. Wal-Mart Stores, Inc., No. 1:06-CV-19 CAS, 2006 WL 1134712, * 4 (E.D.Mo. Apr. 26, 2006)(internal citations and quotations omitted). In the instant case, the Court does not find that plaintiff has made a strong showing that the defendants' Third Affirmative Defense is insufficient. To the contrary, the Court finds that there are disputed issues of law and therefore, the Court hereby **DENIES** plaintiff's Motion to Strike Defendant's Third Affirmative Defense (Doc. # 11).

6

### B. Motion to Strike Fourth Affirmative Defense

Plaintiff moves to strike defendants' Fourth Affirmative Defense because he argues that in the letters defendants sent to him, they failed to provide any rationale for the denial of benefits. Plaintiff argues that this failure violates regulatory disclosure requirements under ERISA 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. Defendants argue again that they are required under the Federal Rules to set forth all of their possible affirmative defenses, or they risk waiver. Secondly, defendants argue that the reasons and rationale for the denial of benefits were clearly explained in the letters sent to plaintiff and were in substantial compliance with the regulations and provided proper notice of the reason for the denial. Defendants also note that a denial letter does not need to be overly detailed or at all analytical. In Seddon v. Wal-Mart Stores, Inc., 174 F.Supp.2d 991 (W.D.Mo. 2001), the Court stated, "'Trustees are obligated to set forth the rationale underlying their decision so that the claimant may adequately prepare an appeal to the federal courts . . . and so that a federal court may properly review the Trustees' decision.'" Id. at 1001, quoting Collins v. Central States, Southeast & Southwest Areas Health & Welfare Fund, 18 F.3d 556, 561 (8th Cir. 1994). In the instant case, the July 28, 2006 letter stated that the administrator found that the plaintiff's daughter had an accident while driving. The Police Report indicated that a probable contributing cause was "alcohol." The lab report showed a blood alcohol level of .148, compared to the legal limit of .08. The Administrator also explained that in response to plaintiff's question, he inquired from an outside lab and physician and determined that Britny's loss of blood from the accident would not have altered her blood alcohol level. The Administrator then cited a portion of Section 5 - the Self-Inflicted and/or Intentional

7

Injury exclusion and stated: "Based on my investigation and the facts of the case, the Webco, Inc. Employee Group Health Plan is not responsible for payment of the claims submitted. In accordance with the Plan Document and its appeal process this determination is final." As in Seddon, this letter is not overly analytical or detailed, however, the Court finds that it provides an sufficient explanation which gave the plaintiff notice of the reason for the denial and allowed him to challenge that denial in federal court. Accordingly, because the Court finds that the letter sufficiently explained the rationale for the denial of benefits, the Court finds that this defense is legally sufficient and therefore **DENIES** Plaintiffs' Motion to Strike Defendants' Fourth Affirmative Defense (Doc. # 12).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Plaintiffs' Motions to Strike Defendants' Third and Fourth Affirmative Defenses (Docs. # 11, 12).

Date:  2/8/07                                          **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                             Fernando J. Gaitan, Jr.
                                                                  Chief United States District Judge