# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CARL LANKFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3339-CV-S-FJG |
| ) | |
| WEBCO, INC., PLAN ADMINISTRATOR FOR, ) | |
| WEBCO, INC. EMPLOYEE GROUP HEALTH ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is Third-Party Defendant HCC Life Insurance Company's ("HCC") Motion Dismiss or in the Alternative, Motion to Stay (Doc. No. 43).

**I.     BACKGROUND**

The Webco Employee Group Health Plan ("The Plan") is an employee qualified health plan formed pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Carl Lankford ("Lankford") was and continues to be an employee of Webco, Inc. Pursuant to the Plan, Lankford and his minor daughter, Britny, were enrolled members of the Plan. On February 25, 2006, Britny Lankford was involved in a single car accident and received serious injuries. As a result of the accident, she incurred approximately $300,000.00 in medical expenses. BMI-Health Plans, the Plan Supervisor, denied Lankford's claim for benefits for the medical bills on May 4, 2006,. As a result of Webco's denial of the claim, plaintiff filed suit against Webco.

If Webco pays out more than $25,000.00 in benefits to one of its insureds, Webco

receives benefits under a stop-loss policy with HCC. This policy provides that HCC would reimburse Webco for all benefits paid out by Webco under its Plan that were over and above $25,000.00 if those benefits were incurred between January 1, 2005 and December 31, 2006. Because plaintiff's claim exceeds $25,000, Webco submitted a claim for reimbursement to HCC. Webco submitted this claim to HCC after it entered into an Escrow Agreement with plaintiff whereby Webco agreed to pay sums into the Lankford Medical Claim Payment Escrow Account sufficient to pay all of plaintiff's claims for medical expenses pending outcome of the lawsuit. Funds deposited into the escrow account may not be returned to Webco unless either (1) the Court enters a final judgment in favor of Webco and determines that plaintiff is not entitled to any benefits or (2) the claim asserted by medical service providers for which plaintiff has sought reimbursement have been satisfied.

HCC then issued a letter to Webco on January 19, 2007, denying Webco's claim on the grounds that the benefits for which Webco sought reimbursement had not been "paid" within the definition of the policy. In this letter, HCC also reserved its rights under the policy to reexamine Webco's claim for benefits. As a result of this letter, Webco thereafter filed a third party complaint against HCC on April 26, 2007 (Doc. No. 27). Webco brought forth a declaratory judgment action under 28 U.S.C. § 2201 seeking this Court's determination of whether Webco is entitled to reimbursement for plaintiff's claims under the stop-loss policy.

Third-party defendant HCC now seeks to dismiss Webco's complaint because the matter is not ripe unless this Court orders that Webco must pay plaintiff's claims. In the

alternative, HCC seeks to stay the action pending outcome of the suit between Webco and plaintiff.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). "Whether a plaintiff has standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" McClain v. Am. Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005), citing Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000); Christopher Lake Dev. Co. v. St. Louis County, 35 F.3d 1269 (8th Cir. 1994). The ripeness doctrine "seeks to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Paraquad, Inc. v. St. Louis Housing Authority, 259 F.3d 956 (8th Cir. 2001) (internal punctuation and citations omitted).

Rule 12 further provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. At 880. "A motion to dismiss should be granted as a practical matter...only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to

3

relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**III.    DISCUSSION**

Plaintiff seeks a declaratory judgment in this action against HCC for a determination of the parties' obligations under the stop-loss insurance policy. The Declaratory Judgment Act provides "in a case of actual controversy within its jurisdiction,...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act's requirement of an 'actual controversy' is no more than a recognition that the Constitution limits the exercise of judicial power to 'cases' and 'controversies' in the constitutional sense." Sherwood Med. Indus., Inc. v. Deknatel, Inc., 512 F.2d 724, 726 (8th Cir. 1975). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).

HCC argues that the Court should dismiss this case because it is not yet ripe for adjudication because Webco's claim against HCC is not an issue unless this Court determines that Webco must pay for plaintiff's medical expenses. If this Court determines that Webco does not have to pay plaintiff's medical expenses, HCC states that the claim against it would be moot. HCC also argues it would be a waste of judicial resources for this Court to hear Webco's claim against HCC without a determination of Webco's liability on

4

plaintiff's claim. HCC requests in the alternative that this case be stayed pending the Court's determination of plaintiff's claims against Webco.

Webco responds that an insured can bring a claim to determine its rights under the policy before resolution of the underlying action in order to obtain a declaration of coverage which is the purpose of a declaratory judgment action. Webco also states that where the insured has made a demand for payment or contribution and the insurer has denied liability, "[t]he lines are drawn, the parties are at odds, the dispute is real." Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992).

Webco further contends that payment has been made pursuant to the policy because it placed $300,000.00 into an escrow account for payment of plaintiff's medical expenses; therefore, a breach of contract has occurred. In addition, Webco contends that even if its payment into the escrow account is not considered "paid" under the policy, Webco states there has been an anticipatory breach of the contract. Webco argues there is an anticipatory breach of the contract because HCC has indicated to Webco that it will not pay the claim even if this Court determines that Webco must pay plaintiff's medical expenses. Additionally, Webco states that HCC had informed them it would deny liability because the amounts on plaintiff's claim would be paid after December 31, 2006, which is excluded by the time period stated in the policy. However, Webco argues that HCC's statement is unfounded because the amounts were incurred prior to December 31, 2006 and the validity was also disputed prior to this date. Thus, Webco contends there is a clear dispute between the parties and the issue is ripe for this Court's adjudication.

The Court hereby finds that this matter is ripe for adjudication such that there is a

5

substantial controversy between the parties of sufficient immediacy. Maryland, 312 U.S. at 273. In the present case, a demand for payment was made upon HCC whereby HCC denied coverage. HCC sent a letter to Webco on January 19, 2007 stating it disagreed that HCC had a responsibility under the plan to provide coverage for plaintiff's claim should the Court conclude that liability and coverage for the claim is under the Webco's employee plan. (See Doc. No. 66-5). Thus, "[t]he lines are drawn, the parties are at odds, the dispute is real." Capitol, 978 F.2d at 438 (stating that it is "most common" for insurers who deny that coverage exists under their policies for liabilities of their insureds that are contingent or unadjudicated to bring actions for declaratory judgments that they will have no duty to indemnify). In fact, the Court of Appeals specifically held in Aetna Cas. and Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 711 (8th Cir. 1992) that the district court had erred in finding that a declaratory judgment action to determine insurance coverage for hazardous waste clean-up costs was not ripe with respect to four sites where the United States Environmental Protection Agency ("USEPA") had served the insured with notice of its potential liability but had not filed suit. Since the insured "had made a clear demand for payment of defense and indemnity costs with respect to each of the four sites and because [the insurer] disputed those demands, the Court held that there [was] a live justiciable controversy between the parties sufficient to invoke jurisdiction of the district court." Id. Because the Court finds that this matter is ripe for adjudication, the Court also denies HCC's alternative request to stay this matter. Therefore, the Court hereby **DENIES** HCC's motion to dismiss or in the alternative motion to stay.

## IV. CONCLUSION

For the foregoing reasons, Third-Party Defendant HCC Life Insurance Company's ("HCC") Motion Dismiss or in the Alternative, Motion to Stay (Doc. No. 43) is **DENIED**.

**IT IS SO ORDERED.**

Date:  12/7/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge